UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| EURO-AMERICAN COAL TRADING, INC. ) ) ) Plaintiff, ) ) ) Civil No. 06-25-GFVT VS. ) ) ) **MEMORANDUM** JAMES TAYLOR MINING, INC. ) **OPINION & ORDER** ) Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Euro-American Coal Trading, Inc. ("Euro-American") filed the instant Complaint seeking to enforce a judgment rendered by a New York state court as a result of an arbitration proceeding between it and James Taylor Mining, Inc. ("Taylor Mining"). When Taylor Mining did not answer the Complaint, Euro-American moved for entry of a default judgment. For the reasons set forth below, however, this Court lacks subject matter jurisdiction. Therefore, Euro-American's entire action, along with the pending motion, will be dismissed *sua sponte*.

### I. BACKGROUND

In July 2003, Euro-American and Taylor Mining entered into a contract entitled "Exclusive Sales Agreement" whereby Euro-American, as Taylor Mining's exclusive sales agent, received a 6 percent commission on the coal produced by Taylor Mining and that was sold by Euro-American. [Record No. 1, Attachment 1]. In August 2004, Euro-American tendered to Taylor Mining a "Demand for Arbitration" claiming that Taylor Mining had violated the terms of the Exclusive Sales

Agreement by selling coal to others instead of Euro-American. [Id., Attachment 2].[1]  Although Taylor Mining did not participate in the proceedings, an award was entered against it on June 13, 2005. [Id., Attachment 5].  Subsequently, the Supreme Court of the State of New York entered an order confirming the arbitration award and a corresponding judgment.[2] [Id., Attachments 6 & 7]. This action for enforcement followed.

The Complaint filed herein predicates the subject matter jurisdiction of this Court on diversity of citizenship under 28 U.S.C. §1332.[3]  Relying on the Full Faith and Credit Clause and the provisions of 28 U.S.C. §1738, Euro-American seeks to establish the validity and enforceability of the New York state court judgment through the mechanisms of the United States district court. [Record No. 1].  Taylor Mining did not answer or otherwise respond to the Complaint and Euro-American moved for default judgment. [Record No. 3].  Because the Court finds that it does not have subject matter jurisdiction to register and enforce a state court judgment under the applicable federal registration statute, 28 U.S.C. §1963,[4] the Complaint and the pending motion must be dismissed.

---

[1]The Exclusive Sales Agreement contained a mandatory arbitration clause requiring unsettled disagreements to be determined by the American Arbitration Association in New York. [Record No. 1, Attachment 1].

[2]Specifically, the state court judgment entered against Taylor Mining is for $256,218.15, plus interest in the amount of $61.19 per day beginning on July 1, 2005. [Id., Attachment 6].

[3] The Complaint states that Taylor Mining is a business incorporated in and with a principal place of business in Kentucky, and Euro-American is a business incorporated in and with a principal place of business in New York. [Record No. 1].  Moreover, Euro-American alleges that the amount in controversy requirement is satisfied because the Complaint seeks to register and enforce a judgment of the Supreme Court of the State of New York in excess of the $75,000 jurisdictional minimum.  [Id.].

[4]Although not cited by Euro-American, the Court finds that this statute controls both the registration of a foreign judgment in federal district court as well as the outcome of this case.

## II. DISCUSSION

It is a long-established principle that a "federal court is a court of limited jurisdiction and can only entertain those actions which fall squarely within its jurisdiction as that jurisdiction is stated by the act or acts of Congress in conformity to the Judiciary Articles of the Constitution." *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305, 1307 (E.D. Ky. 1990) (citations omitted). Accordingly, a district court is vested with the inherent power and duty to insure the requirements for subject matter jurisdiction are satisfied in all cases. *Baird v. Norton*, 266 F.3d 408, 410 (6th Cir. 2001) (citations omitted). The Court finds that, in this case, the requirements for subject matter jurisdiction are not met because the registration procedures set forth by federal statute prohibit a federal district court from registering and subsequently enforcing a state court judgment in the manner sought by the Complaint.

Euro-American seeks to have this Court exercise federal jurisdiction to enforce a judgment that was entered by a New York state court. In support of its action, Euro-American filed the Complaint asking the Court to recognize the judgment in light of the Full Faith and Credit Clause of the U.S. Constitution,[5] as well as the statutory codification of that provision at 28 U.S.C. §1738.[6] First, Euro-American unnecessarily relies on the Full Faith and Credit Clause to enforce its judgment. A party seeking to enforce a foreign judgment, in either federal or state court, is no

---

[5]Article IV, §1 of the United States Constitution provides that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

[6]This section provides, in relevant part: "Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

longer required to file a new lawsuit. In the federal system, Congress has enacted 28 U.S.C. §1963[7] which permits a party to register certain federal judgments in other federal districts where they may be enforced. Likewise, many states, including Kentucky,[8] have adopted a version of the Uniform Enforcement of Judgement Acts achieving the same result in state courts. Prior to the enactment of these more expeditious statutory registration provisions, a party was required to file a separate civil action in the new jurisdiction requesting that "full faith and credit" be given to the foreign judgment in order to *enforce* it in the new jurisdiction. *See Condaire, Inc. v. Allied Piping, Inc.*, 286 F.3d 353, 356-357 (6th Cir. 2002) (acknowledging federal statutory registration procedures for foreign federal judgments); *Redondo Construction Corp. v. United States, et al*, 157 F.3d 1060, 1065, fn 8 (6th Cir. 1998) (acknowledging Kentucky statutory procedures for foreign judgments). While a party can still incur the expense of a second lawsuit, it is no longer necessary because the parties can utilize the streamlined *registration* procedures set out by statute and achieve the same result. *See id*. Once a federal judgment has been *registered*, it will be *enforced* according to the enforcement mechanisms of Fed. R. Civ. P. 69 and the laws of the state where the federal district court sits. *See U.S. v. Febre*, No. 91-2716, 978 F.2d 1262 (7th Cir. 1992) (unpublished table decision).

Second, the registration procedures of 28 U.S.C. §1963 contain jurisdictional limitations that

---

[7]The effect of the registration under 28 U.S.C. §1963 is the equivalent of an entirely new judgment obtained by filing an independent action on the original judgment. *See Condaire, Inc. v. Allied Piping, Inc.*, 286 F.3d 353, 357 (6th Cir. 2002); *see also Stanford v. Utley*, 341 F.2d 265 (8th Cir. 1965) (generally recognized as the landmark case construing 28 U.S.C. §1963). Although the statute was enacted in 1948, both the legislative history and interpretative case law surrounding it are scant. The Sixth Circuit Court of Appeals attached the available legislative history as an appendix to its opinion in *Ohio Hoist Mfg. Co. v. LiRocchi*, 490 F.2d 105 (6th Cir. 1974)

[8]KY. REV. STAT. §426.950-426.975.

prohibit *federal* courts from registering *state* court judgments. It provides, in relevant part:

> A judgment in an action for the recovery of money or property entered in *any court of appeals, district court, bankruptcy court, or in the Court of International Trade* may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. §1963 (emphasis added). This provision, however, does not contemplate registration of a judgment from any court other than those specifically enumerated therein. *See Fox Painting Co. V. N.L.R.B.*, 16 F.3d 115, 117 (6th Cir. 1994) ("nothing in the language of the [statute] grants authority to a district court to register judgments of any courts other than [those listed]. The language is unambiguous."). The courts identified are all federal courts. Thus, the maxim of statutory construction "*expressio unius est exclusio alterius*" applies here - to include one is to exclude the other. By specifically listing the courts from which a judgment may be registered in federal district court, Congress intentionally eliminated those that could not. Although the Sixth Circuit has not specifically held that a state court judgment is one of those excluded by implication, the plain language of the statute allows for no other interpretation. Likewise, other district courts examining the statute have relied on this Circuit's reasoning to reach the same result. *See, e.g., Atkinson v. Kestell*, 954 F.Supp. 14, 15, fn2 (D.D.C. 1997) (*citing Fox Painting Co. v. N.L.R.B.*, 16 F.3d 115, 117 (6th Cir. 1994)) *aff'd*, 156 F.3d. 1335 (D.C. Cir. 1998) *as amended* (Oct. 28, 1998) ("State court judgments cannot be registered in this [federal district] Court.").

In order to enforce the New York judgment, Euro-American must register its judgment under Kentucky's version of the Uniform Enforcement of Foreign Judgments Act. *See* KY. REV. STAT. § 426.950-426.975. Unlike its federal counterpart, Kentucky's registration statute does not restrict

the courts from which it can accept and enforce a judgment. In fact, the relevant provision defines a foreign judgment as "any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this Commonwealth." *See* KY. REV. STAT. § 426.950. Once an authenticated version is filed in the office of a court clerk, or is "registered," the "clerk shall treat the foreign judgment in the same manner as a judgment of any court of this state [Kentucky]. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a court of this state and may be enforced or satisfied in like manner." KY. REV. STAT. §426.955. Therefore, Euro-American can and should utilize available state statutory procedures to enforce its New York judgment within Kentucky's borders.

### III.  CONCLUSION

In sum, this Court could not register and enforce a state court judgment thereby giving the "stamp" of a federal court judgment to any potential judgment ultimately rendered between parties.[9] To do so would contradict the plain jurisdictional limits outlined in 28 U.S.C. §1963, would effect an unwarranted intrusion into the jurisdiction of state courts, and would unnecessarily flood the federal dockets with the enforcement of every state court judgment that met the minimum

---

[9]The Court notes an important distinction between *registering* and enforcing a foreign state court judgment in a federal court as Euro-American here requests and *according* a state court judgment "full faith and credit" in terms of its preclusive effect on issues on claims and/or issues later litigated in a federal court. The former is not permitted by statute, while the latter is constitutionally required. *See Marrese v. American Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379-382 (1985) (discussing the application of the "full faith and credit" statute, 28 U.S.C. §1738, on prior state court judgments in a subsequent federal action). As Justice Scalia aptly recognized, the Full Faith and Credit Clause and its implementing statute "'establish a rule of evidence, rather than of jurisdiction.'" *Baker by Thomas v. General Motors Corp.*, 522 U.S. 222 (1998) (Scalia, J., concurring) (citations omitted).

jurisdictional requirements.[10]  Euro-American may enforce its New York state court judgment in the sister courts of Kentucky using the mechanisms set forth for that purpose by the Kentucky legislature.

Accordingly, it is hereby **ORDERED** as follows:

1. The Defendant's Motion for Default Judgment is **DISMISSED**; and

2. This action is **DISMISSED** with prejudice and **STRICKEN** from the Court's docket.

This 4th day of May, 2006.

Signed By:
Gregory F. Van Tatenhove
United States District Judge

---

[10]Interestingly, the current action could not have been brought originally in this Court despite meeting the jurisdictional requirements of 28 U.S.C. §1332 because the parties specifically included a "choice of forum" provision in their Exclusive Sales Agreement. [Record No. 1, Attachment 1].  That provision required the parties to first resolve their disputes through the American Arbitration Association in New York rather than a judicial forum. [Id.].  Had the arbitration award ultimately been converted to judgment by a United States district court rather than a state court, then this Court could register it under the guidelines present in 28 U.S.C. §1963.